1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7               FOR THE DISTRICT OF ARIZONA
8
9   Adan Tavizon-Jimenez,              )    No. CV-05-3573-PHX-JAT (LOA)
                                       )
10            Petitioner,              )    **REPORT AND RECOMMENDATION**
                                       )
11  vs.                                )
                                       )
12  Dora B. Schriro, et al.,           )
                                       )
13            Respondents.             )
    _____   )
14
15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in
16  State Custody Pursuant to 28 U.S.C. § 2254. (docket # 1)  Respondents filed an Answer to the
17  Petition. (docket # 16) Petitioner has not filed a Reply, and the time to file a Reply has passed.
              **<u>FACTUAL AND PROCEDURAL BACKGROUND</u>**
18
19          On December 18, 2000, the State of Arizona charged Petitioner with three counts
20  of sexual abuse, three counts of sexual conduct with a minor, one count of molestation of a
21  child, one count of kidnapping, and two counts of child abuse.  (Respondents' Exh. A at 1) The
22  charges stemmed from Petitioner's alleged conduct with his stepdaughter, who was a minor
23  during the relevant period.
24          After a jury trial, on October 12, 2001, Petitioner was convicted of three counts of
25  sexual conduct with a minor, one count of molestation of a child, and one count of kidnaping.[1]
26  (Respondents' Exhs. A, K.)  On November 28, 2001, the trial court sentenced Petitioner to
27  ─────────────
28      [1]The Honorable Arthur T. Anderson presided over the proceedings in the Superior Court for the
    State of Arizona, Maricopa County.

1 consecutive 20-year terms of imprisonment for the sexual conduct convictions. (Respondents'

2 Exh. L) The court sentenced Petitioner to 17-year prison terms on the child molestation and

3 kidnaping convictions. The court ordered that the latter sentences run concurrent with each

4 other but consecutive to the sentences for the sexual conduct convictions. (Respondents' Ex.

5 L; Exh. T at 4-5)

6      On March 29, 2002, counsel for Petitioner requested leave to file a delayed appeal

7 pursuant to Ariz.R.Crim.P. 32.5. (Respondents' Exh. O.) The State did not object to the request

8 and the trial court granted Petitioner leave to file a delayed notice of appeal. (Respondents' Exh.

9 P; Exh. Q.)

10      Thereafter, Petitioner filed a notice of appeal and an opening brief raising the

11 following claims: (1) the trial court erred by barring evidence that the victim had knowledge of

12 sex from a source other than from the acts allegedly committed by Petitioner; (2) the trial court

13 erred by finding that A.R.S. § 13-1421 barred evidence that the victim had engaged in sexual

14 activity with persons other than Petitioner; and (3) the trial court imposed an improper sentence.

15 (Respondents' Exh. R)

16      On May 27, 2003, the Arizona Court of Appeals affirmed Petitioner's convictions,

17 but modified the sentences for molestation and kidnapping to make them concurrent to those

18 imposed for sexual conduct with a minor. (Respondents' Exh. T at 12-20.)

19      On August 21, 2003, Petitioner file a notice of post-conviction relief pursuant to

20 Ariz.R.Crim.P. 32. (Respondents' Exh. V.) On May 3, 2004, appointed counsel filed a petition

21 for post-conviction relief alleging ineffective assistance of counsel under state law based on

22 counsel's failure to "impeach [the victim] as permitted and planned" with her statement to school

23 officials regarding her concern about being pregnant. (Respondents' Exh. W) The trial court

24 denied the petition on February 16, 2005. (Respondents' Ex. Y.) Petitioner filed a petition for

25 review with the Arizona Court of Appeals on March 31, 2005. (Respondents' Ex. Z.)

26 Petitioner's only allegation for relief was ineffective assistance of counsel under Arizona law.

27 (Id.) The Arizona Court of Appeals denied review on December 8, 2005. (Respondents' Ex.

28 BB.)

Thereafter, Petitioner filed the pending Petition for Writ of Habeas Corpus raising the following claims:

> 1. The trial court misapplied Arizona law and abused its discretion by barring evidence of the victim's prior knowledge of sexual activity;
>
> 2. The trial court abused its discretion and misapplied Arizona law by barring evidence of the victim's sexual history;
>
> 3. The trial court erred by sentencing Petitioner to a consecutive sentence for the child molestation and sexual conduct charges and the child molestation and kidnaping charges;
>
> 4. Trial counsel rendered ineffective assistance when he failed to "impeach the victim with a statement she allegedly made to school authorities regarding possibly being pregnant;" and
>
> 5. Petitioner was denied a fair trial because the prosecution failed promptly to disclose an alleged conversation between a prospective juror and the prosecutor regarding false reporting in sexual molestation cases. Although the juror was struck from the jury panel, the defense was denied timely information regarding the prospective juror's comments.

(docket # 1)

## DISCUSSION

Respondents assert that Petitioner's claims are either procedurally defaulted or lack merit. Petitioner has not filed reply in support of his claims.

### I. Exhaustion and Procedural Default

Respondents assert that Petitioner's claims are unexhausted because he failed to present any of his claims to the Arizona Supreme Court. Respondents argue that under Baldwin v. Reese, 541 U.S. 27, 29 (2004), to exhaust claims in state court, an Arizona prisoner must petition for review to the Arizona Supreme Court, the highest discretionary court of appeals in Arizona. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003). Respondents argue that Baldwin overturns the holding in Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) that Arizona state prisoners need not seek review in the Arizona Supreme Court to exhaust state remedies. The Court need not decide this issue because in addition to failing to present his claims to the Arizona Supreme Court, Petitioner failed to fairly present his federal claims either to the trial court or the Arizona Court of Appeals and, alternatively, his claims lack merit.

**A. Relevant Law**

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state court, every claim raised in his petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. Reese, 541 U.S. at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim). Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." Lyons, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim. Baldwin, 541 U.S. at 27.

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802-05 (1991); <u>Coleman</u>, 501 U.S. at 731-32. There are two categories of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. <u>Nummemaker</u>, 501 U.S. at 802-05. If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989); <u>Carringer v. Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review). A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. <u>Nunnemaker</u>, 501 U.S. at 803.

Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." <u>Teague v. Lane</u>, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002); <u>State v. Mata</u>, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. <u>Beaty</u>, 303 F.3d at 987; <u>Moreno v. Gonzalez</u>, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

1    In either case of procedural default, federal review of the claim is barred absent a

2    showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley,

3    541 U.S. 386, 393-94, (2004); Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish cause,

4    a petitioner must establish that some objective factor external to the defense impeded her efforts

5    to comply with the state's procedural rules.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  The

6    following objective factors may constitute cause: (1) interference by state officials, (2) a showing

7    that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally

8    ineffective assistance of counsel.  Murray, 477 U.S. at 488.   To establish prejudice, a prisoner

9    must demonstrate that the alleged constitutional violation "worked to his actual and substantial

10   disadvantage, infecting his entire trial with error of constitutional dimension." United States v.

11   Frady, 456 U.S. 152, 170 (1982).  Where petitioner fails to establish cause, the court need not

12   reach the prejudice prong.

13   To establish a "fundamental miscarriage of justice" resulting in the conviction of one

14   who is actually innocent, a state prisoner must establish that it is more likely than not that no

15   reasonable juror would have found him guilty beyond a reasonable doubt in light of new

16   evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

17   The Court will discuss Petitioner's claims below and consider whether federal review

18   is procedurally barred.

19   **II.  Petitioner's Claims**

20   **A. Claim 1 - Exclusion of Evidence**

21   In his first ground for relief, Petitioner argues that the trial court improperly precluded

22   Petitioner from inquiring about the victim's sexual history.  (docket # 1 at 5) Specifically,

23   Petitioner sought to introduce evidence that the victim "had learned about sex from watching her

24   classmates engage in sex." (docket # 1 at 5) Petitioner claims that such evidence was relevant to

25   the victim's chastity and would have established that she had knowledge of sex from a source

26   other than from Petitioner's alleged conduct with her.

27   At trial, defense counsel made an offer of proof that the victim's school principal could

28   confirm that the victim had "walked in on" two classmates who were engaged in sexual activity.

1   (Respondents' Exh. J at 124)   The trial court ruled that such evidence was not relevant.

2   Specifically, the court ruled that:

3           The fact that [the victim] had viewed her girlfriend and her boyfriend engage
            in some sort of sexual activity, whether or not that in and of itself can
4           reasonably be assumed to impart sexual knowledge is a serious question.
            And, even if it did, I guess the question I would have would be so what.
5
            In light of the allegations of this case, if she learned something about a
6           sexual encounter by viewing others, I don't see where the relevance to this
            case comes in at all to these allegations.  I don't think it's relevant.  Furthermore,
7           it would be prejudicial under 403 to allow the jury to speculate as to what this
            whole situation may infer as to [the victim's] circle of friends and her activity
8           with those friends.

9   (Respondents' Exh. J at 125-26)

10          On direct appeal, Petitioner argued that the trial court erred by ruling that Arizona's

11  Rape Shield Law, A.R.S. § 13-1421, barred the offered evidence.  (Respondents' Exh. R at 7-10)

12  He further argued that to the extent that A.R.S. § 13-1421 barred such evidence, it was

13  "unconstitutional in violation of the right to due process, the [right to] present a defense and to

14  confront witnesses according to the Fifth, Sixth, and Fourteenth Amendments to the United States

15  Constitution" and the Arizona Constitution.  (Id. at 10)  The Arizona Court of Appeals found that

16  Petitioner waived any challenge regarding the trial court's application of A.R.S. § 13-1421

17  because he did not raise that issue during trial.  (Respondents' Exh. T at 7)  The appellate court

18  further found that Petitioner similarly waived any constitutional challenge to A.R.S. § 13-1421.

19  (Id. n. 3)

20          The Arizona Court of Appeals' finding of waiver is an independent and adequate state

21  law ground for denying the claim and bars federal habeas relief.  Nunnemaker, 501 U.S. at 799-

22  801(stating that the appellate court's dismissal of a claim on the ground that it could not be "raised

23  for the first time on appeal" operated as a procedural bar to habeas review).   Based on the State

24  court's application of a procedural bar to deny Plaintiff's claim, his first ground for relief is

25  procedurally barred.   Paulino v. Castro, 371 F.3d 1083, 1093 (9th Cir. 2004)(finding claim

26  procedurally barred where state appellate court found it waived).

27

28

**B.  Claim Two - Exclusion of Evidence**

Petitioner next argues that the trial court erred by finding that A.R.S. § 13-1421 barred evidence regarding the victim's prior sexual activity.  (docket # 1 at 8)

**1.  Procedural Bar**

Before trial, the State filed a motion *in limine* to exclude certain evidence under A.R.S. § 13-1421.  (Respondents' Exh. B) Petitioner responded that he should be permitted to cross-examine the victim on the following topics: (1) the victim's allegations against Petitioner were made after a classmate accused the victim of having sex with her boyfriend; (2) the victim told a school official that she might be pregnant; (3) the victim had written a sexually explicit letter; (4) the victim talked on a telephone "chat-line" called "The Loop;" and (5) the victim received phone calls from men.  (Respondents' Exh. C) Petitioner further noted that the victim had tested positive for Chlamydia, but he had not.  (Id. at 1-2) The State, however, did not attempt to exclude evidence regarding the sexually transmitted disease either before or during trial. (Respondents' Exh. B)

At the pretrial hearing, Petitioner argued that the first three of the aforementioned topics were relevant to whether the victim's physical injuries or disease could have been caused by someone else.  (Respondents' Exh. F at 13-14)  In response, the prosecutor noted that the girl who had made the accusations against the victim could not be located.  (Respondents' Exh. F at 13-14) Additionally, the letter had been destroyed and the only person who had seen the letter was the victim's mother who had "assumed" that the victim had written the letter.  (Id.)  The prosecutor, however, agreed that the victim could be questioned directly regarding any alleged prior sexual activity.  (Respondents' Exh. F at 17) The trial court then asked whether there was evidence of any specific instances of prior sexual conduct by the victim.  Defense counsel responded that:

> Your Honor, a possible solution to this is to do exactly as the Court suggested, just call or ask [the victim] directly is she — has she had sex with other people other than the defendant.  However, if the Court is willing to allow that, the defense would also like to ask her about her statement or ask directly if she felt on December 8th that she might be pregnant.

1    (Respondents' Exh. F at 18) The trial court agreed that defense counsel could ask the victim

2    whether she had ever had sexual relationships with anyone other than Petitioner.  If she said,

3    "no," counsel could impeach the victim with her statement to school officials that she thought she

4    might be pregnant.  (Id. at 19-20) The trial court did not make any further ruling on the foregoing

5    evidentiary issues.  (Id.)

6           On direct appeal, Petitioner argued that the trial court erred by finding that evidence

7    of the victim's prior sexual activity was barred by A.R.S. § 12-1421.  (Respondents' Exh. R at 11)

8    Petitioner argued that the standard for review for the admissibility of evidence was "abuse of

9    discretion" and cited to the Arizona case law and the Arizona Rules of Evidence.  (Respondents'

10   Exh. R at 11) Petitioner did not cite federal law.  However, at the conclusion of his discussion of

11   the erroneous application of state law, Petitioner added the following statement:

12          To the extent that A.R.S. § 13-1421 bars evidence of [the victim's] unchastity,
            the statute is unconstitutional in violation of the rights to due process, to
13          present a defense and to confront witnesses according to the Fifth, Sixth, and
            Fourteenth Amendments to the United States Constitution, and Art. 2, §§ 4
14          and 24 of the Arizona Constitution.

15   (Respondents' Exh. R at 13)

16          Although Petitioner mentioned the United States Constitution in his state court

17   pleading, general appeals to broad constitutional principles, such a due process, equal protection,

18   and the right to a fair trial, are not sufficient to fairly present a federal claim to the state court.

19   Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005)(stating that "[p]etitioner's mere

20   mention of the federal Constitution as a whole, without specifying an applicable provision, or an

21   underlying federal legal theory, does not suffice to exhaust the federal claim . . . [n]or is a federal

22   claim exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as

23   due process."); Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005)(stating that "petitioner's

24   must plead their claims with considerable specificity before the state courts in order to satisfy the

25   exhaustion of requirement . . . In addition to requiring specificity in pleading the federal nature

26   of a claim, we also require a petitioner to articulate the substance of the alleged violation with

27   some particularity."); Galvan v. Alaska Dep't. of Corrections, 397 F.3d 1198, 1204 (9th Cir.

28   2005)(stating that "[i]f a party wants a state court to decide whether she was deprived of a federal

1    constitutional right, she has to say so . . . If she does not say so, she does not fairly present the

2    federal claim to the state court.").  Additionally, a petitioner cannot "transform a state law issue

3    into a federal one merely by asserting a violation of due process." Poland v. Stewart, 169 F.3d

4    573, 584 (9th Cir. 1999).

5            Here, Petitioner merely tacked a citation to the United States Constitution on to the

6    end of his discussion of his state-law claim.  "Exhaustion demands more than drive-by citations,

7    detached from any articulation of an underlying federal legal theory." Castillo v. McFadden, 399

8    F.3d 993, 1003 (9th Cir. 2004).   Petitioner's bald assertion that the State court's exclusion of

9    certain evidence regarding the victim violated the Due Process Clause and the Sixth Amendment

10   was not sufficient to fairly present such federal claims to the state court.  Petitioner did not

11   provide any factual or legal support for the alleged violations of the United States Constitution.

12    Gray, 518 U.S. at 162-63 (stating that a state prisoner must "include reference to a specific

13   federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to

14   relief.") Petitioner did not fairly present a federal claim to the State courts.  Accordingly, Claim

15   Two is procedurally defaulted.

16            Moreover, in the pending § 2254 Petition, Petitioner cites mainly to state law and

17   appends a citation to the United States Constitution to his otherwise state-law claim.     The

18   essence of the claim is that the trial court violated State law in precluding certain evidence about

19   the victim.  Petitioner's claim is based on application of state law  which is not subject to review

20   by this Court.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(explaining that "it is not the

21   province of a federal habeas court to reexamine state-court determinations on state-law

22   questions.").  The admission of evidence is not subject to federal habeas review unless a specific

23   constitutional guarantee is violated or the error renders the trial fundamentally unfair in violation

24   of the due process clause. Colley v. Sumner, 784 F.2d 984, 990 (9th Cir. 1986).  A state prisoner

25   can obtain federal habeas relief only if his conviction violates the Constitution or the laws and

26   treaties of the United States. Engle v. Isaac, 456 U.S. 107, 119 (1982).  Failure to comply with

27   state evidentiary rules does not warrant habeas relief on due process grounds. Jammal v. Van de

28   Kamp, 926 F.2d 918, 919 (9th Cir. 1991).  Further, federal habeas relief does not lie for alleged

1  violations of state law or procedure or for alleged errors in the interpretation or application of

2  state law.  Estelle v. McGuire, 502 U.S. 67-68 (1991); Peltier v. Wright, 15 F.3d 860, 861-62 (9th

3  Cir. 1994).  Thus, Petitioner's claim that the trial court improperly applied state law in disallowing

4  certain evidence fails.  Finally, Petitioner's claim lacks merit as discussed below.

5  **2.  Merits of Claim Two**

6  As previously discussed, Petitioner contends that the trial court improperly prohibited

7  evidence regarding the victim's sexual history.  The record reflects that defense counsel agreed

8  to question the victim directly about specific instances of prior sexual conduct.  If she denied such

9  previous conduct, the trial court would permit defense counsel to impeach the victim with her

10  prior statement to school officials regarding her belief that she might be pregnant.  (Respondents'

11  Exh. F at 17-20)  Based on defense counsel's agreement to proceed in this fashion, the trial court

12  did not make a ruling regarding the State's motion to preclude evidence of the victim's sexual

13  history.  (Respondents' Exh. F)  Thus, contrary to Petitioner's assertion, the trial court did not

14  preclude the evidence at issue in Claim Two and no Sixth Amendment or Due Process violation

15  occurred.  Robbins v. Cardwell, 618 F.2d 581, 582-83 (9th Cir. 1980)(finding that Confrontation

16  Clause claim was waived where defendant agreed to procedures which made the trial court's

17  initial ruling on the issue irrelevant); Poole v. Fitzharris, 396 F.2d 544, 546 (9th Cir. 1968)(finding

18  no Sixth Amendment confrontation clause violation where defense counsel agreed to waive

19  production of prosecution witnesses and proceeded via transcript testimony.)

20  Furthermore, even if the trial court did preclude certain evidence regarding the victim,

21  Petitioner has not established a constitutional violation.  The exclusion of evidence alone does

22  not violate the Constitution.  Montana v. Egelhoff, 518 U.S. 37, 42 (1996)(stating that "the

23  proposition that the Due Process Clause guarantees the right to introduce all relevant evidence

24  is simply indefensible.")  Rather, a defendant arguing that the court improperly precluded certain

25  evidence in violation of the Due Process Clause, "must sustain the usual heavy burden that a due

26  process claim entails."  Id.

27  Similarly, not every limitation on cross-examination violates the Sixth Amendment

28  right to confront witnesses.  Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)(noting that trial

1    courts have discretion to limit "cross-examination based on concerns about, among other things,

2    harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is

3    repetitive or only marginally relevant.")  The fact that a "defendant's ability to confront adverse

4    witnesses and present a defense" has been affected does not mean there has been a constitutional

5    violation.  <u>Michigan v. Lucas</u>, 500 U.S. 145, 149 (1991).   The Supreme Court has held that the

6    trial court may restrict a defendant's cross-examination of  a witness "based on concerns about,

7    among other things, harassment, prejudice, confusion of the issues, the witness' safety, or

8    interrogation that is repetitive or only marginally relevant." <u>Id.</u> (citing <u>Van Arsdall</u>, 475 U.S. at

9    679); see also, <u>Anderson v. Morrow</u>, 371 F.3d 1027, 1030 (9th Cir. 2004)(stating that a "state

10   passing a rape shield law makes a valid legislative determination that rape victims deserve

11   heightened protection against surprise, harassment, and unnecessary invasions of

12   privacy)(internal citations omitted). To establish a violation of the Sixth Amendment[2] right to

13   present a defense and confront witnesses, a reviewing court must determine whether: "(1) the

14   excluded evidence was relevant; (2) there were other legitimate interests outweighing the

15   defendant's interest in presenting the evidence; and (3) the exclusion of evidence left the jury with

16   sufficient information to assess the credibility of the witness."  <u>United States v. Beardslee</u>, 197

17   F.3d 378, 383 (9th Cir. 1999).   The Court will consider these factors to determine whether a Sixth

18   Amendment violation occurred in this case.

19         **a. Relevance**

20         Here, Petitioner asserts that the trial court precluded evidence which suggested that

21   there was another source of the victim's injury and sexually transmitted disease. (Respondents'

22   Exh. F at 14)  The evidence which Petitioner sought to offer, however, did not include any

23   evidence of specific instances of previous sexual encounters that could explain either the victim's

24   injury or disease. (Respondents' Exh. C; Exh. F at 12-20)  Rather, the evidence which Petitioner

25

26         [2]  Petitioner also cites the Fifth Amendment in support of his second claim for relief.  (docket # 1
     at 10) However, Petitioner does not provide any discussion supporting such a claim and the Court finds
27   not reason to provide a separate analysis under the Due Process Clause.  <u>United States v. Gill</u>, 58 F.3d
     1414, 1421 (9th Cir. 1995)(concluding that cross-examination restrictions "violated neither the Due
28   Process Clause nor the Confrontation Clause.")

1  sought to introduce only suggested that the victim might have some interest in men or sex.  For

2  example,  evidence that the victim had possibly written a sexually explicit letter and talked with

3  men on a "chat-line", at best suggests that the victim was curious about sexual issues and does

4  not establish that she had engaged in a previous sexual encounter.  The evidence which Petitioner

5  sought to introduce was not relevant.  State ex rel. Pope v. Superior Court, In and For Mohave

6  County, 545 P.2d 946, 953 (Ariz. 1976)(finding that evidence of prior sexual activity is

7  admissible if "directly refutes physical or scientific evidence, such as the victim's alleged loss of

8  virginity, the origin of semen, disease, or pregnancy.") Because the evidence was not relevant,

9  there was no constitutional violation.  United States v. Rodriguez-Rodriguez, 393 F.3d 849, 856

10  (9th Cir. 2005)(finding that "because [defendant's] line of inquiry was not relevant to the facts of

11  his case, the district court's restriction of cross-examination did not violate the Confrontation

12  Clause.")

13  **b.  Other Legitimate Interests**

14  In addition to the evidence not being relevant,  there were other legitimate interests

15  that outweighed Petitioner's interest in presenting the evidence.  Beardslee, 197 F.3d at 383.

16  Specifically, the State of Arizona has a legitimate interest in excluding certain evidence under its

17  rape-shield law.   Arizona's rape-shield law is designed to "protect victims of rape from being

18  exposed at trial to harassing or irrelevant questions concerning any past sexual behavior."  State

19  v. Gilfillan, 196 Ariz. 396, 400-01, 998 P.2d 1069, 1073-74 (Ariz.Ct.App. 2000).  Arizona's rape-

20  shield law "provides procedural safeguards to admit evidence of a victim's prior sexual activity

21  when that evidence has substantial probative value . . . ."  Id. at 403.  One such procedural

22  safeguard is the requirement that there be "clear and convincing" evidence of relevant sexual

23  activity before it is admitted into evidence.  A.R.S. 13-1421(B).   This requirement serves the

24  State's legitimate interest in protecting victims from harassing or irrelevant questions.

25  In this case, Petitioner wanted to inquire about accusations that the victim's classmate,

26  Daisy, had made against the victim even though Daisy could not be located.  (Respondents' Exh.

27  C at 2, Exh. F at 13-14)  Petitioner also wanted to introduce evidence of a sexually explicit letter

28  that the victim had allegedly written and about a phone chat-line which the victim called.   This

1   evidence does not constitute "clear and convincing" evidence of a specific instance of relevant

2   sexual activity.

3         The Court finds that Arizona's "clear and convincing" standard advances the State's

4   legitimate interest of protecting victims from being asked irrelevant or harassing questions

5   regarding prior sexual activity.

6         **c. Sufficient Information**

7         Finally, there is no Sixth Amendment violation because the "exclusion of the evidence

8   left the jury with sufficient information to assess the credibility of the witness." <u>Beardslee</u>, 197

9   F.3d at 383.  As previously noted, the trial court did not exclude any evidence of specific

10  instances of prior sexual activity. (Respondents' Exh. F at 17-20)  Thus, Petitioner was permitted

11  to inquire as to whether the victim had any prior sexual experiences.  (<u>Id.</u> at 19) The trial court

12  also permitted Petitioner to impeach the victim with her prior statement that she thought she

13  might be pregnant.  (<u>Id.</u>)

14        The record also included other information which would assist the jury in assessing

15  the victim's credibility, including:

16        (1) the victim's testimony and demeanor on direct (Respondents' Exh H at 108-58);

17
18        (2) the victim's testimony on cross-examination regarding her motive in making the accusations, her prior inconsistent statements, her bias against Petitioner, and the physical evidence;

19
20        (3) testimony of the victim's mother that she was never concerned about Petitioner's behavior around the victim, she did not believe her daughter's allegations, and the victim had problems with girls at school;

21
22
23        (4) cross-examination of the examining pediatrician who stated that the victim was taking oral contraceptives before the alleged abuse; she was uncertain as to the actual cause of the victim's injury, the victim was sexually developed enough to engage in consensual sexual activity;

24
25
26        (5) cross-examination of the child-abuse accommodation expert who stated that: children are capable of lying; older children are more sophisticated and better able to maintain false allegations; older children may have their own agenda; post-pubescent and adolescent children may be sexually active; and adolescent females are most likely to make false allegations;

27        (6) cross-examination of the school social worker who stated that the victim reported having problems with other girls in school;

28        (7) cross-examination of the school nurse who confirmed that the victim did

not report her allegations against Petitioner until the day of a school meeting regarding the victim's problems with her peers;

(8) cross-examination of the school principal who stated that the victim made the allegations against Petitioner at a meeting regarding the victim's problems with her peers and that the other girls were very angry with the victim;

(9) cross-examination of a police detective who stated that there was no physical or biological evidence, and that he had worked on cases where children have lied about sexual abuse;

(10) the testimony of one of Petitioner's friends who stated that the victim did not want her mother and Petitioner to continue their relationship;

(11) Petitioner's testimony that he did not inappropriately touch the victim; the victim was rebellious; the victim wanted to break up his relationship with her mother; and he never contracted Chlamydia, but the victim did.

(Respondents' Exh. J at 89-109)

The foregoing evidence constitutes "sufficient information" from which the jury could assess the victim's credibility.  Thus, Petitioner's inability to inquire about vague, speculative evidence about Petitioner's time spent on chat-line, having written a sexually explicit letter, and unsupported accusations made by a classmate did not violate the Sixth Amendment.

## C. Claim Three -  Improper Sentence

Petitioner next alleges that the trial court improperly imposed consecutive sentences. (docket # 1 at 11)  Petitioner raised this claim on direct appeal and the appellate court granted relief.  (Respondents' Exh. T at 12-20)  The Court of Appeals modified Petitioner's sentence so that the sentences on both of the sexual conduct and the kidnaping charges run concurrently with the sentences on the child molestation charges.  (Id.)  Accordingly, this claim is moot.

Moreover, Petitioner did not raise a federal challenge to his sentence to the State courts.  Thus, he did not exhaust any federal challenge to his sentence and, therefore, such a challenge would not be properly before this Court.

## D.  Claim Four - Ineffective Assistance of Counsel

In Ground Four, Petitioner argues that he received ineffective assistance of counsel because trial counsel failed to impeach the victim with her statement to school officials that she might be pregnant.  (docket # 1 at 15)

### 1.  Procedural Bar

On post-conviction review, Petitioner argued that he received ineffective assistance of counsel based on State law because trial counsel did not impeach the victim "as permitted and planned" with her statement to school officials concerning pregnancy.  (Respondents' Exh. W at 4) Petitioner, however, did not raise a federal claim of ineffective assistance of counsel. Because Petitioner did not cite to federal law, he did not fairly present a federal claim.  Casey, 386 F.3d at 911.  Similarly, Petitioner did not raise a federal claim of ineffective assistance on appellate review.  (Respondents' Exh. Z) Thus, Petitioner did not fairly present a federal claim of ineffective assistance of counsel and he is barred from returning to state court to raise such a claim.  Ariz.R.Crim.P. 32.2.

### 2.  Merits of Claim Four

Moreover, even if Petitioner's claim of ineffective assistance of counsel were properly before the Court, it lacks merit.  To demonstrate ineffective assistance of counsel, a petitioner must satisfy the test articulated in Strickland v. Washington, 466 U.S. 668 (1984).  Hart v. Gomez, 174 F.3d 1067, 1069 (9th Cir. 1999).  Under Strickland, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. 466 U.S. at 687; Hart, 174 F.3d at 1069.  To be deficient, counsel's performance must be "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Bonin v. Calderon, 59 F.3d 815, 833 (9th Cir. 1995).  Review of counsel's performance is "extremely limited."  Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir. 1998), rev'd on other grounds, 525 U.S. 141 (1998).  Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  Strickland, 466 U.S. at 689.

1    In addition to showing that counsel's performance was deficient, to prevail on a claim

2    of ineffective assistance, petitioner must establish that he suffered prejudice as a result of

3    counsel's deficient performance.  Strickland, 466 U.S. at 691-92.  To show prejudice, petitioner

4    must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result

5    of the proceeding would have been different.  A reasonable probability is a probability sufficient

6    to undermine confidence in the outcome."  Id. at 694; Hart, 174 F.3d at 1069; Ortiz v. Stewart,

7    149 F.3d 923, 934 (9th Cir. 1999).    The Court may proceed directly to the prejudice prong.

8    Jackson v. Calderon, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing Strickland, 466 U.S. at 697).

9    The court, however, may not assume prejudice solely from counsel's allegedly deficient

10   performance.  211 F.3d at 1155.

11   In this case, Petitioner alleges that counsel was ineffective in failing to impeach the

12   victim with her statement to school officials that she thought she might be pregnant.  Petitioner

13   raised this claim to the state court based on state law.   (Respondents' Exh. W) Specifically,

14   Petitioner argued that even though the trial court had ruled that defense counsel could impeach

15   the victim with her statement regarding pregnancy to school officials, defense counsel failed to

16   do so.  (Respondents' Exh. W) Petitioner, however, conceded that on direct examination, the

17   victim had admitted making such a statement to school officials.   (Id.)   The State court found

18   that Petitioner failed to satisfy the prejudice prong of the Strickland test because "once the

19   [victim] admitted that she talked to the counselor about her concern of pregnancy and disease,

20   the impeachment issue was essentially moot." (Respondents' Exh. Y) Petitioner fails to establish

21   that the state court decision is contrary to, or rests on an unreasonable application of, state law.

22   28 U.S.C. § 2254(d).

23   As the State court found, because the victim had previously admitted to her statement

24   regarding pregnancy, the need to impeach the victim with this statement was diminished.

25   Because the victim's statement regarding pregnancy was already in the record, Petitioner cannot

26   establish that counsel's failure to impeach the victim with that same statement was prejudicial.

27   Because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's

28

1   representation is inconsequential, <u>Hill v. Lockhart</u>, 474 U.S. 52, 60 (1985), and Petitioner's claim

2   of ineffective assistance fails.

3         **E.  Claim Five**

4         Petitioner also includes a fifth ground for relief in his Petition.  Petitioner alleges that

5   he was denied a fair trial because the prosecution failed to promptly disclose an alleged

6   conversation between a prospective juror and the prosecutor regarding false reporting in sexual

7   molestation cases.  Although the juror was struck from the jury panel, Petitioner claims that the

8   defense was denied timely information regarding the juror's comments.   This claim is

9   procedurally barred because Petitioner never presented it to the state court and he cannot return

10  to state court to present that claim.  <u>Id.</u>   Moreover, because the prospective juror was struck from

11  the jury panel, Petitioner fails to establish how the alleged conversation resulted in prejudice.

12        **F.  Cause and Prejudice or Fundamental Miscarriage of Justice**

13        Because Petitioner's claims are procedurally barred, the Court need not reach the

14  merits of those claims unless Petitioner either establishes cause and prejudice or a fundamental

15  miscarriage of justice.

16        Proof of cause "ordinarily turn[s] on whether the prisoner can show that some

17  objective factor external to the defense impeded" his compliance with the state rule. <u>Id.</u> at 72.  In

18  this case, Petitioner does not assert any basis to overcome the procedural bar.  Petitioner's *pro*

19  *se* status and ignorance of the law do not satisfy the cause standard. <u>Hughes v. Idaho State Bd.</u>

20  <u>of Corrections</u>, 800 F.2d 905, 908 (9th Cir. 1986).  Where petitioner fails to establish cause for

21  his procedural default, the court need not consider whether petitioner has shown actual prejudice

22  resulting from the alleged constitutional violations. <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).

23  Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice.

24        Petitioner also fails to establish that failure to consider his claims would result in a

25  fundamental miscarriage of justice.  <u>Schlup v. Delo</u>, 513 U.S. at 327.  Accordingly, Petitioner's

26  claims are barred from review.

27

28

## CONCLUSION

Because Petitioner's claims are procedurally defaulted or fail on the merits, his petition should be denied.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Fed. R. Civ. P.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  United States v. Reyna- Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  Rule 72, Fed. R. Civ. P.

DATED this 10th day of October, 2006.

Lawrence O. Anderson
United States Magistrate Judge